UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
A.Q.C., an infant by her mother and
natural guardian, PAQUITA CASTILLO,

                 Plaintiff,

     - against -

BRONX-LEBANON HOSPITAL CENTER,

               Defendant.
----------------------------------------X
BRONX-LEBANON HOSPITAL CENTER,

        Third-Party Plaintiff,

     - against -

WILFRIDO A. CASTILLO, M.D.,

        Third-Party Defendant.
----------------------------------------X

**MEMORANDUM AND ORDER**

11 Civ. 2656 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    For the second time in less than two years, the dispute underlying this case is before this Court following removal from state court. Dr. Wilfrido A. Castillo, M.D. ("Dr. Castillo"), a defendant in the previous action before this Court, now moves as a third-party defendant to dismiss the claims asserted against him by the Bronx-Lebanon Hospital Center ("Bronx-Lebanon"). For the reasons stated below, we grant Dr. Castillo's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## BACKGROUND[1]

A.Q.C., the infant plaintiff, was born to her mother, Paquita Castillo, on February 1, 2005. (Notice of Removal Ex. E ¶ 5.) Plaintiff was delivered by, among others, Dr. Castillo, who had served as the mother's regular obstetrician at a prenatal clinic run by Urban Health Plan. Castillo v. United States, 09 Civ. 9113 (NRB), Dkt. No. 15, Decl. of Paquita Castillo ¶ 5. Plaintiff was delivered at Bronx-Lebanon, where Dr. Castillo maintained delivery privileges. Id. ¶ 11.

### I.   The 2009 Action

On February 6, 2009, plaintiff instituted an action against Dr. Castillo and Bronx-Lebanon in the Supreme Court of New York, Bronx County. (Notice of Removal ¶ 1; Id. Ex. A.) The complaint asserted two causes of action: (1) a claim that plaintiff was injured due to the negligence and malpractice of Dr. Castillo and the hospital's employees; and (2) a claim for lack of informed consent. (Id. Ex. A ¶¶ 5-17.)

On October 22, 2009, the U.S. Attorney for the Southern District of New York certified that, for purposes of the claims asserted against Dr. Castillo for medical care provided after January 1, 2005, Dr. Castillo was an employee of the United

---

[1] This background is derived from the Notice of Removal from the Supreme Court of the State of New York, County of the Bronx ("Notice of Removal"), filed April 19, 2011, and the exhibits annexed thereto. The relevant facts pertinent to this motion to dismiss are not in dispute, although the parties do dispute their legal significance.

States and was acting within the scope of his employment. (Id. ¶ 4; Id. Ex. B.) Based on this certification, on November 2, 2009, Dr. Castillo removed the action to the Southern District of New York pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2). (Id. ¶ 5; Id. Ex. C.)

On December 21, 2009, plaintiff filed an amended complaint, substituting the United States as a defendant for Dr. Castillo and maintaining the claims against Bronx-Lebanon. (Id. ¶ 6; Id. Ex. D.) On May 14, 2010, this Court granted the motion to dismiss of the United States. A.Q.C. ex rel. Castillo v. United States, 715 F. Supp. 2d 452 (S.D.N.Y. 2010), aff'd, 656 F.3d 135 (2d Cir. 2011). We held that plaintiff's claim against the United States under the Federal Tort Claims Act ("FTCA") was untimely because plaintiff had failed to file an administrative complaint within the time required following the accrual of the claim. See id. at 456-64. Having dismissed the claim against the United States, which was the sole basis for federal jurisdiction, we dismissed plaintiff's remaining claim against Bronx-Lebanon without prejudice to its re-filing in the appropriate forum. See id. at 464.

## II.   **The 2010 Action**

On December 7, 2010, plaintiff filed a new action in the Supreme Court of New York, Bronx County, naming Bronx-Lebanon as the sole defendant. (Notice of Removal ¶ 8; Id. Ex. E.) The

3

complaint asserted the same causes of action as those alleged in the original action. Notably, the complaint specified that the alleged negligence by Bronx-Lebanon and its employees occurred between January 31, 2005 and February 7, 2005, the latter date being the day that the infant plaintiff was discharged from the hospital. (Id. Ex. E ¶ 5.) Subsequently on March 22, 2011, Bronx-Lebanon filed a third-party complaint against Dr. Castillo, seeking indemnification and/or contribution for any judgment levied against Bronx-Lebanon in plaintiff's favor. (Id. ¶ 10; Id. Ex. F.)

On April 14, 2011, the U.S. Attorney for the Southern District of New York again certified that Dr. Castillo is an employee of the United States and was acting within the scope of his employment for purposes of claims asserted against him for medical care rendered after January 1, 2005. (Id. ¶ 12; Id. Ex. G.) Based on this certification, Dr. Castillo removed the action to this Court on April 18, 2011. Unlike the previous notice of removal, however, in removing the instant action to federal court, Dr. Castillo cited 28 U.S.C. § 1442(a)(1) as a basis for removal in addition to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2). (Id. ¶ 13.)

III. **The Instant Motion to Dismiss**

On August 8, 2011, Dr. Castillo, represented by the U.S. Attorney for the Southern District of New York, filed a motion

to dismiss the third-party complaint for lack of subject matter jurisdiction. Dr Castillo contends that under the doctrine of "derivative jurisdiction," this Court does not have subject matter jurisdiction over Bronx-Lebanon's third-party FTCA claim because the state court lacked jurisdiction over that claim prior to removal. (Mem. of Law in Supp. of Mot. to Dismiss Third Party Compl. for Lack of Subject Matter Jurisdiction by Def. Wilfrido A. Castillo, M.D. at 1.)

In its opposition, Bronx-Lebanon asserts that it has obtained records revealing that plaintiff's mother was first treated by Dr. Castillo in July 2004 and was again treated by Dr. Castillo in November 2004. (Mem. of Law in Opp. to Third-Party Def.'s Mot. to Dismiss Third-Party Compl. at 2-3.) Bronx-Lebanon contends that because the U.S. Attorney's certification states that Dr. Castillo was a federal employee only beginning on January 1, 2005, its third-party claim is not fully covered by the FTCA given that the doctor-patient relationship began prior to this date. (Id. at 3-4.) Bronx-Lebanon maintains this position despite the fact that plaintiff's complaint lists January 31, 2005 as the first date of the alleged negligence. In the alternative, Bronx-Lebanon suggests that the derivative jurisdiction doctrine does not apply to the present matter because the case was removed pursuant to 28 U.S.C. § 2679(d)(2).

On September 19, 2011, Kara Hicks, Esq., an attorney for the Department of Health and Human Services ("HHS"), filed a declaration in support of Dr. Castillo. Hicks asserts that new documentation that has been submitted by Urban Health Plan – Dr. Castillo's employer - indicates that Urban Health Plan was in fact "deemed" eligible for FTCA malpractice coverage by HHS effective November 15, 2000, not January 1, 2005 as originally indicated. (Decl. of Kara Hicks ("Hick Decl."), filed Sept. 19, 2011, ¶ 4.) Hicks also states that HHS records now indicate that Dr. Castillo has been continuously employed by Urban Health Plan since February 2003. (Id. ¶ 5.) Dr. Castillo suggests that these records render moot Bronx-Lebanon's argument concerning the range of dates to which the Court should look in assessing whether there is subject matter jurisdiction over the third-party claim. (Reply Mem. of Law in Supp. of Mot. to Dismiss Third Party Compl. for Lack of Subject Matter Jurisdiction, or, in the Alternative, to Substitute the United States [] as Def. by Third-Party Def. Wilfrido A. Castillo, M.D. at 3-4.)

## LEGAL STANDARDS

### I.   Motion to Dismiss Pursuant to Rule 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction must be granted when the district court lacks the statutory or constitutional power to adjudicate the claim.  Morrison v. Nat'l Austrl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008).  When

subject matter jurisdiction is challenged, the plaintiff bears the burden of establishing a factual basis for jurisdiction. See Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). In ruling on a motion to dismiss under Rule 12(b)(1), the Court may consider evidence outside of the pleadings, such as affidavits. See State Emps. Bargaining Agent Coalition v. Rowland, 494 F.3d 71, 77 n.4 (2d Cir. 2007).

## II. FTCA Statutory Framework

### A. FTCA Coverage

The FTCA waives the sovereign immunity of the United States for the common law torts committed by its employees while acting within the scope of their employment. See 28 U.S.C. § 1346(b)(1). "The FTCA's purpose is both to allow recovery by people injured by federal employees . . . and, at the same time, to immunize such employees and agents from liability for negligent or wrongful acts done in the scope of their employment." Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 80 (2d Cir. 2005). Importantly for purposes of the instant motion, federal courts maintain exclusive jurisdiction over FTCA claims. 28 U.S.C. § 1346(b)(1).

Pursuant to 42 U.S.C. § 233(g), HHS is authorized to "deem" federally funded health centers to be employees of the Public Health Service. Any suit filed against an entity so deemed must be asserted pursuant to the FTCA. See 42 U.S.C. § 233(a). Bronx-

Lebanon does not dispute that Urban Health Plan was appropriately deemed eligible for FTCA malpractice coverage pursuant to these provisions, although the timing of this coverage does remain in dispute.

### B. Statutory Removal Provisions

As previously described, in the current action, Dr. Castillo cited three statutory provisions as grounds for removal: 28 U.S.C. § 1442(a)(1), 28 U.S.C. § 2679(d)(2), and 42 U.S.C. § 233(c). The first two of these provisions are of particular relevance to the instant motion.

28 U.S.C. § 1442(a) provides that a civil action commenced in state court may be removed if the defendant is "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." To invoke this provision, the defendant must remove the action within thirty days after receipt of the initial pleading or service of the summons. See 28 U.S.C. § 1446(b).

Alternatively, 28 U.S.C. § 2679(d)(2) provides that an action against a federal employee may be removed "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose."

8

Unlike the time requirement associated with 28 U.S.C. § 1442(a)(1), an action may be removed under 28 U.S.C. § 2679(d)(2) "at any time before trial."[2]

## DISCUSSION

Under the derivative jurisdiction doctrine, "a district court must dismiss a complaint if the state court from which the case was removed lacked jurisdiction." Nordlicht v. N.Y. Tel. Co., 799 F.2d 859, 863 (2d Cir. 1986). "This result obtains even if the reason the state court lacked jurisdiction is that the complaint lies within the exclusive jurisdiction of the federal courts." Id.; see also Lambert Run Coal Co. v. Balt. & Ohio R.R., 258 U.S. 377, 382 (1922).

In arguing that the derivative jurisdiction doctrine does not require dismissal of its third-party claim, Bronx-Lebanon relies on the Third Circuit's decision in Thompson v. Wheeler, 898 F.2d 406 (3d Cir. 1990). In Thompson, the court construed the removal of the FTCA claim at issue as having been effected under 28 U.S.C. § 2679(d)(2). See id. at 409-10. The court held that federal jurisdiction in such an instance lies only after the Attorney General certifies that the defendant was acting within the scope of federal employment. See id. at 409 n.2. The

---

[2] 42 U.S.C. § 233(c) establishes procedures for removing actions filed against employees of the Public Health Service. Similarly to 28 U.S.C. § 2679(d)(2), this provision provides that a qualifying defendant may remove an action "[u]pon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose."

court concluded that the state court therefore did originally have jurisdiction - prior to the certification - and the derivative jurisdiction doctrine did not apply. See id.

Whatever the merits of the Third Circuit's reasoning, Thompson is distinguishable from the instant matter because Dr. Castillo removed under 28 U.S.C. § 1442(a)(1) in addition to 28 U.S.C. § 2679(d)(2). Although largely overlapping, the distinction between the two provisions is important, as "Sections 1442(a)(1) and 2679(d) are two 'separate and alternative statutes, both of which authorize removal of cases to federal court.'" Charles v. Inam, No. 99 Civ. 12427 (SWK), 2001 WL 79900, at *2 (S.D.N.Y. Jan. 30, 2001) (quoting Jamison v. Wiley, 14 F.3d 222, 237 (4th Cir. 1994)).

District courts in this Circuit have unanimously held that the derivative jurisdiction doctrine remains applicable to FTCA claims removed pursuant to 28 U.S.C. § 1442(a)(1). See, e.g., Shnetman v. 200 White Plains Road, LLC, No. 06 Civ. 3819 (LMM), 2006 WL 3016312, at *1 (S.D.N.Y. Oct. 20, 2006); Barnaby v. Quintos, 410 F. Supp. 2d 142, 143-47 (S.D.N.Y. 2005); Singleton v. Elrac, Inc., No. 03 Civ. 4979 (JFK), 2004 WL 2609554, at *1 (S.D.N.Y. Nov. 16, 2004); Gionfriddo v. Salaf, 343 F. Supp. 2d 109, 111 (D. Conn. 2004); Charles, 2001 WL 79900, at *1-2; Giuffre v. City of New York, No. 00 Civ. 1517 (MBM), 2000 WL 557324, at *1 (S.D.N.Y. May 8, 2000); Moreland v. Van Buren GMC,

93 F. Supp. 2d 346, 354-55 (E.D.N.Y. 1999). Thus, FTCA claims removed under this provision have been uniformly dismissed for lack of subject matter jurisdiction.

In fact, in Barnaby, the district court faced factual circumstances nearly identical to those presented in the instant matter. There, the plaintiff originally brought a medical malpractice claim in New York state court against non-federal defendants and against a federally funded health center and one of its physicians. See Barnaby, 410 F. Supp. 2d at 142. The U.S. Attorney certified that the doctor and the health center were federal employees for purposes of the claims, and these defendants then removed the case to federal court, where the United States was substituted as the appropriate party. See id. at 142-43, 147. In federal court, the FTCA claim against the United States was dismissed for failure to file an administrative claim, and the remaining claim against the non-federal defendants was remanded to state court. See id. at 143. The non-federal defendants then filed a third-party complaint against the federal defendants, and the federal defendants again removed the claims asserted against them to federal court, citing 28 U.S.C. § 1442(a)(1), 28 U.S.C. § 2679(d)(2), and 42 U.S.C. § 233(c) as grounds for removal. See id. Following removal, the federal defendants filed a motion to dismiss for lack of subject matter jurisdiction, and the district court

granted the motion under the derivative jurisdiction doctrine.
See id. at 147.

We find the Barnaby court's thorough and on-point analysis
to be compelling. We note that like in Barnaby, the U.S.
Attorney had certified that Dr. Castillo was a federal employee
upon plaintiff's filing of the initial complaint in 2009, and
thus when the dispute returned to state court following our
dismissal of plaintiff's FTCA claims, it was clear that Dr.
Castillo was a federal employee for purposes of any third-party
claim that would be filed against him.[3] In other words, unlike in
Thompson, when Bronx-Lebanon filed the third-party complaint
against Dr. Castillo in state court, certification by the U.S.
Attorney was a certainty, not a mere "possibility." See id. at
147 n.9; cf. Stokley v. United States, No. 10 Civ. 1383 (LTB)
(MEH), 2011 WL 1043344, at *3 (D. Colo. Mar. 17, 2011) (finding
the derivative jurisdiction doctrine inapplicable but
distinguishing the case from instances "in which there was

---

[3] We agree with Dr. Castillo that it is not a meaningful difference that the
non-FTCA claim in Barnaby was remanded to state court while the analogous
claim in this matter (i.e., plaintiff's claim against Bronx-Lebanon) was
dismissed without prejudice and then re-filed in state court. Although this
differential treatment allowed the U.S. Attorney in Barnaby to file only one
certification rather than two (as was done here), for practical purposes, the
posture of the cases is identical, as it was clearly known that the U.S.
Attorney would file a second certification to cover Dr. Castillo if Bronx-
Lebanon filed a third-party claim against him.

little if any doubt that the plaintiff's only recourse was a claim against the United States under the FTCA").[4]

Bronx-Lebanon contends that <u>Barnaby</u> and the other relevant cases from this jurisdiction are distinguishable because the U.S. Attorney's certifications in the instant case did not cover the full time period relevant to Bronx-Lebanon's claim. That is, Bronx-Lebanon focuses on the fact that the U.S. Attorney's certifications attested that Dr. Castillo was a federal employee effective January 1, 2005, but Bronx-Lebanon's claim against Dr. Castillo predates this time, as plaintiff's mother first visited Dr. Castillo in connection with her pregnancy in July 2004.

We find Bronx-Lebanon's argument to be unavailing. As previously described, plaintiff's claim against Bronx-Lebanon – for which Bronx-Lebanon seeks indemnification and/or contribution – specifically lists January 31, 2005 to February 7, 2005 as the dates of alleged negligence. Bronx-Lebanon points to no authority for its suggestion that the third-party claim against Dr. Castillo should be permitted to proceed on the speculative basis that plaintiff may amend her theory of negligence at some indeterminate time in the future to implicate treatment provided at earlier points in time. Moreover, any debate in this regard is largely rendered moot by the recent

---

[4] Although the fact of the prior certification bolsters our conclusion, we would reach the same outcome even in its absence given the previously described consensus in this jurisdiction that the derivative jurisdiction doctrine applies to FTCA claims removed under 28 U.S.C. § 1442(a)(1).

declaration by HHS that Urban Health Plan was actually deemed eligible for FTCA coverage effective November 15, 2000 and that Dr. Castillo has worked for Urban Health Plan since February 2003. There does not seem to be any genuine dispute that Dr. Castillo was a federal employee for the entire period of treatment at issue.

As a final matter, we note that despite our dismissal of Bronx-Lebanon's third-party claim, Bronx-Lebanon would not be precluded from bringing a later, separate action for indemnification or contribution following the disposition of plaintiff's claim in state court. See Gould v. United States, No. 11 Civ. 4244 (JSR), 2012 WL 75425, at *2 (S.D.N.Y. Jan. 4, 2012); see also Sea-Land Serv., Inc. v. United States, 874 F.2d 169, 173 (3d Cir. 1989) (noting the judicial consensus that "a claim for contribution [under the FTCA] does not accrue until the claimant has paid, or been held liable for, more than his or her share of a common liability"); Gregg v. United States, No. 3:08-CV-144, 2009 WL 1296376, at *2 (N.D. W. Va. May 7, 2009) (holding that a claim for contribution against the United States is not precluded even if the original plaintiff would be time-barred from bringing a claim directly against the United States).

## CONCLUSION

For the reasons stated above, the third-party complaint against Dr. Castillo is dismissed, without prejudice, and the remainder of the case is remanded to the New York State Supreme Court, Bronx County.

**SO ORDERED**

Dated:   New York, New York
         January 20, 2012

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

**Attorneys for Plaintiff**
James P. Fitzgerald, Esq.
Fitzgerald & Fitzgerald, P.C.
538 Riverdale Avenue
Yonkers, NY 10705

**Attorneys for Bronx-Lebanon Hospital Center**
Matthew J. Ross, Esq.
Shaub, Ahmuty, Citrin & Spratt, LLP
655 Third Avenue, 28th Floor
New York, NY 10017

**Attorney for Wilfrido A. Castillo, M.D.**
Amy A. Barcelo, Esq.
United States Attorney Office
86 Chambers Street, 3rd Floor
New York, NY 10007